JONATHAN COOPER,                    )
                                    )
                Petitioner,         )
                                    )
v.                                  )       No.:       3:25-CV-279-TAV-JEM
                                    )
ALLEN BEARD, JR.,                   )
                                    )
                Respondent.         )

## ORDER

Petitioner filed this pro se federal habeas action under 28 U.S.C. § 2254 challenging his multiple Knox County convictions for aggravated sexual battery, incest, and rape of a child [Doc. 1]. Before the Court are Respondent's motion to waive the requirement to file multiple post-conviction exhibits [Doc. 15] and Plaintiff's renewed motion to appoint counsel [Doc. 19]. The Court considers each motion in turn.

## I.    MOTION TO WAIVE

Respondent motions the Court for leave from the Court's Order directing him to file the complete state-court record in this action, or, alternatively, to file the exhibits ex parte and under seal [Doc. 1,5 p. 1]. Specifically, he seeks to waive the filing requirement as to (1) post-conviction Exhibit 1, the second amended petition for post-conviction relief; (2) post-conviction Exhibit 3, the forensic interview of the minor victim in this case; (3) post-conviction Exhibit 4, the minor victim's collected juvenile court records; (4) post-conviction Exhibit 8, the collected Department of Children's Services ("DCS") records related to the minor victim; and (5) "three supplements to the post-conviction

technical record [that] were also filed under seal in the state court" [*Id.*].  Respondent maintains that these exhibits (1) are "irrelevant to the resolution of the petition[,]" (2) "include personal, identifying, or embarrassing information related to the minor victim in this case[,]" and (3) are summarized elsewhere in the record and by the Tennessee Court of Criminal Appeals ("TCCA") [Doc. 15, pp. 1–2].  Petitioner opposes the request arguing, among other things, that the TCCA relied upon these documents in denying Petitioner relief [Doc. 18].

At this stage of the proceedings, it is not clear to the Court that the exhibits introduced under seal in Petitioner's state-court proceedings are irrelevant in this case. Petitioner has raised federal habeas ineffective-assistance-of-counsel and *Brady*[1] claims that relate to these exhibits [*see* Doc. 1, pp. 15, 18] and the TCCA seemingly considered the documents in its review on post-conviction appeal.  Moreover, federal habeas review requires the reviewing court to determine if the state-court's adjudication of the merits was "based on an unreasonable determination of facts in light of the evidence presented" in state court.  *See* 28 U.S.C. § 2254(d)(2).  Therefore, out of an abundance of caution, the Court finds that it should be presented with the same records that were filed in state court.

However, these records were sealed in state court, and pursuant to a protective order, the parties were given access only to the portions of those records containing potentially exculpatory material after the trial court conducted an in camera review pursuant to

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that the prosecution's suppression of evidence favorable to the accused and material to the defense violates due process).

*Pennsylvania v. Ritchie*, 480 U.S. 39 (1987)[2] [*See, e.g.*, Doc. 14-13, pp. 59–63, 66].  Given the highly personal nature of these records and the fact that they have been primarily undisclosed to date, the Court finds good cause exists to require the records be submitted and maintained ex parte and under seal.  *See* E.D. Tenn. L.R. 26.2(a), (b).  Accordingly, Respondent's motion [Doc. 15] is **GRANTED in part** and **DENIED in part**.  The motion is **DENIED** insofar as it seeks to waive the filing of the full state-court record and **GRANTED** to the extent that it alternatively moves for leave to file the exhibits ex parte and under seal.  Respondent is **ORDERED** to contact a Division Manager for specific instructions prior to filing these exhibits with the Court.

## II.    MOTION TO APPOINT COUNSEL

Petitioner's "Renewed Motion for Appointment of Counsel" acknowledges the Court previously found he was not entitled to appointed counsel [*see* Doc. 7, pp. 2–3] but maintains that "significant procedural and evidentiary developments have arisen that warrant reconsideration and justify appointment of counsel in the interests of justice" [Doc. 19, p. 1].  Specifically, he maintains that, because he is proceeding pro se, he cannot review or contest the sealed documents in this case, and that it is necessary to appoint counsel to review the documents, litigate any evidentiary issues, and ensure the Court's review is based on the same record as presented to the state courts [*Id.* at 2–3].

---

[2] *See Ritchie*, 480 U.S. at 58–60 (holding defendant had due process right to have judge conduct in camera review of third-party agency file on victim to determine whether it contained favorable or material evidence that must be turned over to the defense).

However, Petitioner's unsigned motion contravenes Rule 11 of the Federal Rules of Civil Procedure, which requires a pro se party to personally sign "[e]very pleading, written motion, and other paper[.]"  Fed. R. Civ. P. 11(a).  Moreover, the Court has already ruled that the sealed evidence presented in state court, at a time when Petitioner had appointed counsel and the trial court conducted an in camera review in compliance with *Ritchie*, should be filed with this Court so that it can conduct a review of the record as it was presented to the state courts.  Accordingly, Petitioner's renewed motion for the appointment of counsel [Doc. 19] is **DENIED**.  The Court will sua sponte appoint counsel for Petitioner if it determines that an evidentiary hearing is necessary in this case.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring appointment of counsel in a non-capital case "[i]f an evidentiary hearing is warranted").

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4